## BERNARD HUTCHINGS
### *vs.*
## LAURA I. HUTCHINGS

Superior Court        Hartford County        File No. 63932

MEMORANDUM FILED JUNE 27, 1944.

*Henry C. Stone,* of Hartford, for the Plaintiff.

*Harry Tulin,* of Hartford, for the Defendant.

O'SULLIVAN, J.   Some years ago, after an *ex parte* hearing, the plaintiff obtained a decree of divorce from the defendant, who was a nonresident and who failed to enter any appearance in the action.   Though the parties had a son, no reference to him was made in the complaint, and the sole ground of relief was aimed at a decree.   The child has always lived in Canada and now is in attendance at some religious school where he is supported by the defendant.

The defendant has filed a motion for support of the boy and the basic question concerns the jurisdiction of this court to entertain it.

We are not requested to pass on the matter of the child's custody and were this involved, we would be confronted by a problem of first impression in this State.   There is no authority, one way or the other, as to the power of our courts to award custody of a minor who has never been within our jurisdiction.

However, we do have jurisdiction over the plaintiff on the matter of the child's support.   Section 5187 of the General Statutes, Revision of 1930, recites that "upon the dissolution of any marriage by divorce, the parents of a minor child of such marriage, who is in need of maintenance, shall maintain such child according to their respective abilities, and, upon the complaint of either parent, then or thereafter made to the superior court, it shall inquire into their pecuniary ability, and may make and enforce such decree against either or both of them, for the maintenance of such child as it shall consider just."

This broad power gives this court the right to order the plaintiff to contribute to his son's support, even though the child is beyond our territorial limits and though the original complaint for a divorce failed to make reference to the boy. This is in no sense an independent proceeding but one incidental to the original action and in as much as jurisdiction

of the plaintiff was conferred on the court by that action, jurisdiction to compel the father to support his son still continues. *Morrill vs. Morrill,* 83 Conn. 479, 483.

My notes indicate that the parties agreed that if the court possessed the power to pass an order, it should be for the payment of $7.50 weekly to the defendant for the child's support.

An order may enter to this effect.